IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ALLEN VAUGHAN,**

      **Plaintiff,**

**v.**                                                      **Civil Action No. 5:12cv123**

**JOHN SHEELY, Administrator, and**
**F. BRAGGS and J. DUGAN, Correctional Officers,**

      **Defendants**

## REPORT AND RECOMMENDATION

### *I. INTRODUCTION*

On August 13, 2012, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants have violated his civil rights. Specifically, his claims revolve around incidents that occurred on May 25, 2012. He claims that, on the 25th, he was thrown down stairs, beaten while in handcuffs, maced, and called offensive names by the officers. Further, he claims that he was segregated for eighteen days following these incidents without being charged with any rule violations. His claims for relief include a personal apology from the Defendants, that the Defendants be reprimanded, that he be moved to another facility, and that he be awarded monetary damages for his physical and emotional injuries. On September 19, 2012, the Court performed a preliminary review of the case, decided that summary dismissal was not appropriate, and ordered the Defendants to answer. In lieu of an answer, the Defendants filed a motion to dismiss, wherein they contend that the complaint should be dismissed for the following reasons: (1) Plaintiff did not exhaust his administrative remedies; (2) Plaintiff did not provide pre-suit notice to the Defendants pursuant to

West Virginia Code § 55-17-1, *et seq.*; (3) Plaintiff failed to comply with the requirements of *Pittsburgh Elevator Co. v. West Virginia Bd. of Reg.*, 310 S.E.2d 675 (W. Va. 1983); and (4) Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. *Advanced Health-Care Services, Inc. v. Radford Community Hosp.*, 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. *Id*. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." *Id*. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. DISCUSSION

The Court can summarily dispose of two of the Defendants arguments as to why this complaint should be dismissed: the state law grounds. The Defendants contend that Plaintiff has failed to comply with West Virginia Code § 55-17-3, which requires a party initiating a civil action

against a state agency to provide notice to the attorney general and chief officer of the agency at least thirty days prior to instituting the action, and that this jurisdictional bar requires dismissal. Further, Defendants contend that Plaintiff has not adhered to the requirements of *Pittsburgh Elevator Co.*, 310 S.E.2d at 676, which requires a plaintiff suing a state agency, in order to circumvent immunity of the agency, to allege that recovery is sought not from state funds, but from the State's liability insurance coverage.

While a plaintiff would have to comply with these requirements in federal court if the court's jurisdiction was based upon diversity of the parties, it is clear that it would not be required in cases such as this that are before the court on the federal question presented. Succinctly put, "[a] state legislature has no authority to determine whether or how an action may proceed under federal law." *Cunningham v. West Virginia*, 6:06-cv-169, 2007 WL 895866, *5 (S.D.W.V. Mar. 22, 2007); *see also Patsy v. Bd. of Reg. of State of Fla.*, 457 U.S. 496, 516 (1982) (holding that exhaustion of *state* administrative remedies cannot be required as a prerequisite to bringing a § 1983 action because it is inconsistent with Congressional intent as evidenced by the single carved out exception embodied in 42 U.S.C. § 1997e); *Steffel v. Thompson*, 415 U.S. 452, 472-473 (1974) ( "When federal claims are premised on [§ 1983]–as they are here–we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights."). Accordingly, these two grounds are unfounded. The Court will then turn to the remaining two grounds.

### *A. Exhaustion under § 1997e*

Under the Prison Litigation Reform Act of 1995 (PLRA), as amended, prisoners must exhaust the grievance procedure in the institution where they are incarcerated prior to filing suit in

federal court challenging prison conditions. 42 U.S.C.A. § 1997e(a). In *Jones v. Bock*, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints," nor do they have the burden of proving it. 549 U.S. 199, 216 (2007); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).[1] Further, the Court has held that "proper exhaustion" is required, meaning that the inmate must follow the prison's administrative rules as required, including when and how to file the complaint. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

Although the burden is not on Plaintiff to plead exhaustion, the § 1983 form complaint of this Court that is given to inmates asks if the inmate followed the grievance procedure, and to attach grievances and responses. Plaintiff stated in his complaint that he did file a grievance related to the incidents. First, he contends that he filed a grievance on June 10, 2012, and got no response. Further, he states that he filed one on July 24, 2012, and got a response that the claims were unfounded. Second, he claims to have filed something with Carl Berlin, whose position the Court is unaware of, and with Governor Tomblin. He received a letter addressing both of those, which found the claims to be without merit.

Attached to the complaint is a form titled "inmate request," which asked for an official response to Plaintiff's June 10th complaint of excessive force, and a carbon copy of the administration's response. The response on the request states, by a Lieutenant Bittinger, that an investigation found no evidence to support the accusations, and that the complaint is unfounded. Additionally, Plaintiff attached a letter from the West Virginia Regional Jail and Correctional

---

[1] A district court may also raise the affirmative defense of exhaustion *sua sponte*, so long as the Plaintiff is given an opportunity to respond. *See Anderson v. XYZ Corr. Health Svcs., Inc.*, 407 F.3d 674 (4th Cir. 2005).

Facility Authority, signed by Randall D. Mann, Community Development Specialist, which notes receipt of the letters sent to Mr. Carl Berlin and Governor Tomblin, but finds the complaints unfounded.

The West Virginia Jail and Correctional Facility Authority's *Handbook of Inmate Rules and Procedures*[2] sets forth the following five step process for grievances:

1. If an inmate wishes to use the grievance procedure, jail personnel will provide the inmate with an inmate with an inmate grievance form.

2. The inmate shall complete the form, addressed to the Administrator; the form, as completed by the inmate, shall be transmitted to the Administrator's office by jail personnel without being read or altered and within a reasonable time, not later than the end of the shift.

3. The Administrator upon receipt of the grievance may reject the grievance if it appears on its face to have been filed in bad faith.

4. The Administrator, if the grievance is not rejected pursuant to Paragraph 3, shall provide the inmate an opportunity to be heard before a decision is made on the grievance. The Administrator may assign a staff member to investigate the complain and report written findings within forty-eight hours and shall inform the inmate of such action.

5. The Administrator shall provide a written decision with regard to the grievance to the grieving inmate within twenty-four (24) hours of the receipt of the investigation report. Such written decision shall include a statement of the action taken concerning the grievance, the reasons for such action, and procedures for appeal of the decision.

Further, if an inmate is dissatisfied with the Administrator's decision, he must file an appeal to the Executive Director within five days of the receipt of the Administrator's decision, and must include

---

[2] *Available at:* http://apps.sos.wv.gov/adlaw/csr/readfile.aspx?DocId=18978&Format=PDF

a copy of the initial complaint and the Administrator's decision.

In support of their burden, Defendants have set forth that Plaintiff has not followed the proper procedure because neither Carl Berlin or Governor Tomblin are part of the administrative grievance process, and the inmate request attached to the complaint is not a grievance form as required by the institution. Therefore, they contend, that Plaintiff has "failed to demonstrate that he has exhausted his administrative remedies, and his Complaint must be dismissed." In response to Defendants' motion, Plaintiff asserts that the jail officials have basically frustrated his attempts to file grievances, and have failed to follow their own procedural rules. Further, he contends that he was never given a copy of the grievance and outcome to submit to the Executive Director, as required by the Handbook, and that several requests for those grievances, and for contact information of the Director, went unanswered.[3]

Section 1997e(a) provides that prisoners are required to exhaust "such administrative remedies as are available," and courts have consistently held that "administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725. Further, courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Allevaleda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen prison officials fail to provide inmates with the forms necessary to file

---

[3] Defendants contend that the Court should not consider the arguments made in Plaintiff's response to the motion to dismiss, but, as the *Roseboro* Notice states, Plaintiff has a right to file this responsive material to notify the Court as to why the Complaint should not be dismissed, and this response merely supports the allegations set forth in the Complaint that the jail was interfering with his ability to obtain the forms. *See e.g.* Thompson v. Echols, 191 F.3d 448, *1 (4th Cir. 1999) (unpublished) ("However inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief.").

an administrative grievance, administrative remedies are not 'available.'") (citations omitted); *Brown v. Croak*, 312 F.3d 109, 111-12 (3d Cir. 2002), (holding that administrative remedies were unavailable where the prison officials erroneously told the prisoner that he must wait until the investigation was complete before filing a grievance).

In sum, the complaint sets forth sufficient allegations that are plausible on their face to survive a motion to dismiss with regard to exhaustion. Accepting the factual allegations as true, Plaintiff has followed the grievance procedure so far as the institution has allowed him. In fact, it appears from the "inmate request" response by Lieutenant Bittinger, attached to Plaintiff's complaint, that some sort of complaint was filed previous to the request because the response indicates that an investigation into that complaint found it to be unfounded. However, Plaintiff was never provided with a copy of this form. Further, the Defendants have improperly assumed that the burden is on Plaintiff to plead exhaustion*, see Jones*, *supra*, and have failed to meet their burden in proving that Plaintiff has not exhausted.

### *B. Immunity*

The Defendants further contend that the Complaint should be dismissed because they are immune under the Eleventh Amendment to the United States Constitution because Plaintiff has sued Defendants in their official capacity. While a suit instituted under § 1983 against state officials in their official capacity is barred by the Eleventh Amendment because it seeks money from the state treasury, *Will v. Michigan Dep't of St. Police*, 491 U.S. 58 (1989), suits against state officials sued in their individual capacity are not barred. *See Hafer v. Melo*, 502 U.S. 21 (1991); *Goodman v. Rockefeller*, 947 F.2d 1186, 1187 (4th Cir. 1991).

Nothing in the complaint states that the Defendants are being sued in their official capacity

or individual capacity. On the form complaint it asks Plaintiff to name the Defendants. Then, it asks Plaintiff to list the Defendant's position, place of employment, and address. The Clerk of the Court then opens the case according to the information provided. Complaints filed by a *pro se* plaintiff are held to a less stringent standard than those developed by a lawyer, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971), especially when the complaint alleges violations of a plaintiff's civil rights. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Laboke v. City of Fairmont*, 208 F.3d 209, *1 (4th Cir. 2000) (unpublished) (finding that *pro se* plaintiffs are entitled to the court's most liberal reading of the allegations," and "[w]hen a complaint is broad in nature, the court should use pretrial conference, discovery, and/or summary judgment to define the issues, not dismissal for failure to state a claim").

Here, as mentioned, Plaintiff has not asserted whether he is suing the Defendants in their official or individual capacities. Further, the grounds for relief, as stated in the complaint, seek, among other things, personal apologies and monetary relief. Given the liberal standards set forth, and in the spirit of allowing a *pro se* Plaintiff to develop meritorious claims, the Court will construe the Complaint as suing the officers and administrator in their individual capacities. At the very least, Plaintiff should be entitled to amend his complaint to include this language. *See e.g. Williams-El v. Dunning*, 816 F. Supp. 418, 421 (E.D. Va. 1993) (allowing a *pro se* plaintiff to correct a pleading technicality in naming officers in their official capacity to amend the complaint). Accordingly, the Court finds no merit on this ground of dismissal.

### IV. CONCLUSION & RECOMMENDATION

For the reasons set forth, the undersigned **RECOMMENDS** that the Defendants Motion to Dismiss (Doc.. 22) be **DENIED**, and that the Defendants be **ORDERED** to answer the Complaint.

Any party may, within fourteen (14) days of receipt of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation objected to, and the basis for those objections. A copy of the objections should also be submitted to the District Judge of record. Failure to timely object to the recommendation will result in a waiver of the right to appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to send a copy of this report and recommendation, via certified mail return receipt requested, to the *pro se* Plaintiff at his last known address as reflected on the docket sheet, and to any counsel of record, as applicable.

ENTER: April 9, 2013

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE