```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MICHAEL ALLEN VAUGHAN

      Plaintiff,

v.                                  Civil Action No. 5:12CV123
                                                      (STAMP)
JOHN SHEELY, Administrator,
Eastern Regional Jail,
F. BRAGGS, Correctional Officer,
Eastern Regional Jail and
J. DUGAN, Correctional Officer,
Eastern Regional Jail,

      Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING MOTION TO DISMISS,
DENYING MOTION TO APPOINT COUNSEL AND
DENYING AS MOOT MOTION FOR EXTENSION OF TIME
TO RESPOND TO MOTION TO APPOINT COUNSEL**

I.  Background

On August 13, 2012, the pro se[1] plaintiff, an inmate at the Eastern Regional Jail ("ERJ"), initiated this action in this Court by filing a civil rights complaint under 42 U.S.C. § 1983. The plaintiff's complaint alleges that the defendants violated his civil rights relating to an alleged incident which occurred at the Eastern Regional Jail ("ERJ") on May 25, 2012. On this date, the plaintiff claims that he was thrown down stairs, beaten while in handcuffs, maced, and called offensive names by officers. He also

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

asserts that, following this incident, he was segregated for eighteen days without being charged with any rule violations.

Pursuant to Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation. The magistrate judge conducted a preliminary review, determined that summary dismissal was not appropriate, and directed that the United States Marshals Service serve the complaint upon the defendants.

The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Following the issuance of a Roseboro[2] notice, the plaintiff filed a response to the motion and the defendants replied. The magistrate judge issued a report and recommendation, recommending that this Court deny the defendants' motion to dismiss and order the defendants to answer the plaintiff's complaint. Magistrate Judge Kaull informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within fourteen days after being served with copies of the report. No objections have been received, but the plaintiff has since filed a letter motion to appoint counsel, and the defendants have requested an extension of time to respond to the plaintiff's motion.

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

A. Motion to dismiss/report and recommendation

In their motion to dismiss, the defendants raise four grounds for dismissal, all of which the magistrate judge found to be insufficient bases upon which to grant dismissal at this stage. Initially, the magistrate judge properly summarily disposed with the first two of these arguments, which were based in state procedural law. The defendants contend that the plaintiff failed to comply with the requirements of West Virginia Code § 55-17-3, and Pittsburgh Elevator Co. v. West Virginia Board of Regents, 310 S.E.2d 675, 676 (W. Va. 1983), which both set forth procedural requirements for suing state agencies. However, as the magistrate correctly points out, both West Virginia Code § 55-17-3 and Pittsburgh Elevator Company are state procedural requirements which only apply in state court. As this is federal court, and the plaintiff is proceeding under federal law, the "state legislature has no authority to determine whether or how an action may proceed under federal law." Cunningham v. West Virginia, 6:06cv169, 2007

U.S. Dist. LEXIS 97020, *5 (S.D. W. Va. Feb. 14, 2007); and see Patsy v. Bd. of Reg. of State of Fla., 457 U.S. 496, 516 (1982). This Court agrees and will thus affirm the magistrate judge in his recommendation that these bases for dismissal be denied.

Next, the defendants argue that the plaintiff has failed to exhaust his administrative rights. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies available to him. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). As exhaustion is a prerequisite to suit, all available administrative remedies must be properly exhausted prior to filing a complaint in federal court. See Woodford v. Ngo, 548 U.S. 81 (2006). Actions brought pursuant to § 1983 are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

The plaintiff is in the custody of the West Virginia Division of Corrections, and thus must exhaust all administrative remedies provided by the West Virginia Regional Jail Authority ("WVRJA") prior to filing a § 1983 action. The WVRJA provides the following grievance procedure. In order to initiate the process, inmates must first file a grievance with the Administrator of the facility

4

in which they are confined.  If the grievance is rejected, the Administrator must advise the inmate of the rejection.  If the grievance is not rejected, a staff member is assigned to investigate the complaint and submit a report within forty-eight hours.  The Administrator will then provide a written decision regarding the grievance.  If the decision is unfavorable to the inmate, the inmate may appeal to the Chief of Operations within five days.  After receiving all information regarding the inmate's grievance, the Chief of Operations must respond by written decision within ten days.  If the inmate again receives an unfavorable response, the inmate may appeal to the Office of the Executive Director.  The inmate must receive a response from the Office of the Executive Director within ten days of the office's receipt of all of the information pertaining to the inmate's grievance. Unless the inmate receives an extension of the time for a response at any given level, the inmate may move to the next stage of the process at the expiration of the time limit for response, regardless of whether a response has been received.  Unless the inmate has proceeded through each of the above-described steps and the time period for response from the Office of the Executive Director has passed either with unfavorable response or without response, the inmate has not fully exhausted the administrative remedies.

As explained by the magistrate judge, the plaintiff asserts in his complaint that he filed grievances related to the incidents

which form the subject of his complaint, and that he either received an unfavorable response, or no response at all to each of the grievances filed. The plaintiff attached rejection letters from a Lieutenant Bittinger, and from the West Virginia Regional Jail and Correctional Facility Authority, which note receipt of grievances, and find the plaintiff's allegations to be unfounded. The defendants argue that the plaintiff failed to follow the proper procedure regarding grievances, because he did not file with the proper individuals, and because he did not use the proper grievance form. The plaintiff argues in response that jail officials failed to give him a copy of his grievance and outcome to allow him to appeal to the Executive Director, and that several requests for the grievance were ignored.

In the report and recommendation, the magistrate judge notes that defects in exhaustion which occur as a result of "action or inaction of prison officials," <u>Aquilar-Allevaleda v. Terrell</u>, 478 F.3d 1223, 1225 (10th Cir. 2007), cannot result in dismissal of the plaintiff's complaint under the PLRA, and such action or inaction includes "when prison officials fail to provide inmates with forms necessary to file an administrative grievance." <u>Kaba v. Stepp</u>, 458 F.3d 678, 684 (7th Cir. 2006). As such, the magistrate judge concluded, based upon the standard of review under a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which requires that court to accept all factual allegations as true, that the plaintiff set forth sufficient allegations to survive a motion

to dismiss with regard to exhaustion. The defendants have not objected to this conclusion, and this Court does not find it to be clear error.

Finally, the defendants argue that the plaintiff's complaint should be dismissed because they are immune from under the Eleventh Amendment, as the plaintiff has sued them in their official capacity. See Will v. Michigan Dep't of St. Police, 491 U.S. 58 (1989). The magistrate judge found that nothing in the plaintiff's complaint states or otherwise indicates that the defendants are being sued in their official capacities. Further, Magistrate Judge Kaull correctly notes that, because the plaintiff is a pro se litigant, this Court must construe his filings in a deferential manner, and hold him to a less stringent standard than it would a lawyer. As such, the magistrate judge concluded, it cannot be determined, based upon a complaint which makes no indication one way or the other, that the plaintiff is suing the defendants in only their official capacities. This Court agrees, and finds no clear error in this conclusion. The defendant's motion to dismiss must thus be denied.

B. Letter motion to appoint counsel

As noted above, following the magistrate judge's report and recommendation, the plaintiff filed a letter motion requesting that this Court assign him court-appointed counsel. The plaintiff argues that he is a layman of the law, and thus requires assistance moving forward. The defendants, having not timely responded to the

motion for leave to appoint counsel, request an extension of time to file such a response.

In contrast to criminal proceedings, the appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

As previously stated, the plaintiff argues that he is a layman of the law, and is thus unable to properly prepare and understand filings in this case. However, this does not establish a particular need or exceptional circumstance which would require the assistance of a trained practitioner. Further, a review of the complaint shows that the plaintiff's claims are not novel or complex. The plaintiff's motion must thus be denied. Accordingly, the defendants' motion for an extension of time to respond to the motion to appoint counsel is denied as moot.

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, the defendants' motion to dismiss is DENIED. Further, the plaintiff's motion to appoint counsel is DENIED, and the

defendants' motion for an extension of time to respond to the motion to appoint counsel is DENIED AS MOOT. The defendants are DIRECTED to answer the plaintiff's complaint.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   August 12, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE