# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ALLEN VAUGHAN,**

      **Plaintiff,**

**v.**                                                                               **Civil Action No. 5:12cv123**

**JOHN SHEELY, Administrator, and**
**F. BRAGGS and J. DUGAN, Correctional Officers,**

      **Defendants**

## REPORT AND RECOMMENDATION

## A. BACKGROUND

On August 13, 2012, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that the above-named Defendants had violated his civil rights. Specifically, his claims revolved around incidents that occurred on May 25, 2012. He claimed that, on the 25th, he was thrown down stairs, beaten while in handcuffs, maced, and called offensive names by the officers. Further, he claimed that he was segregated for eighteen days following these incidents without being charged with any rule violations. His claims for relief include a personal apology from the Defendants, that the Defendants be reprimanded, that he be moved to another facility, and that he be awarded monetary damages for his physical and emotional injuries. Following an initial screening, the Defendants were ordered to answer and summonses were issued. In lieu of an answer, the Defendants filed a motion to dismiss, wherein they contended that the complaint should be dismissed for the following reasons: (1) Plaintiff did not exhaust his administrative remedies; (2) Plaintiff did not provide pre-suit notice to the Defendants pursuant to West Virginia Code § 55-17-1, *et seq*.; (3)

Plaintiff failed to comply with the requirements of Pittsburgh Elevator Co. v. West Virginia Bd. of Reg., 310 S.E.2d 675 (W. Va. 1983); and (4) Defendants were immune from suit under the Eleventh Amendment to the United States Constitution.

On April 19, 2013, the undersigned issued a Report and Recommendation in which he recommended that the Motion to Dismiss be denied, and the Defendants be Ordered to answer the complaint. On August 12, 2013, the Court adopted the Report and Recommendation, denied the Motion to Dismiss, and directed the Defendants to answer the complaint.

On August 26, 2013, the Defendants filed their Answer. On September 6, 201, the Plaintiff filed a Rebuttal. On October 24, 2013, the Defendants filed a Motion to Dismiss J. Dugan as a Defendant. In support of their Motion to Dismiss, the Defendants note that the Plaintiff admitted in his Rebuttal that he had incorrectly sued Officer J. Dugan because he discovered that Officer Dugan was not the officer who sprayed him with OC spray.[1]

On September 25, 2013, the Defendants sent the Plaintiff an Agreed Order of Dismissal to dismiss Officer Dugan. On October 11, 2013, the Plaintiff filed a Response to the Defendants' proposed Agreed Order of Dismissal. In it, he admits that he incorrectly sued Officer J. Dugan for the reasons set for in his Rebuttal to the Defendants' Answer. In addition, he acknowledged that he would "amend" this error. However, the Plaintiff noted his refusal to do so via an Agreed Order and indicated that he would instead file an Amended Complaint. On November 19, 2013, the Plaintiff did file a Motion to Amend/Correct Complaint.

---

[1]Specifically, the plaintiff noted that "[b]eing as though I tried to remedy this through grievance procedure, I also tried to find out exactly who maced me...Dugan escorted me in the 'hole,' and the inmates said Dugan maced me. I decided to file a lawsuit against Dugan. ...I am a grown man with integrity. If I made a vital mistake in my lawsuit I can admit that. I apologize to Mr. Dugan and will edit my lawsuit accordingly. (Doc. 53, pp. 8-9).

**B. CONCLUSION & RECOMMENDATION**

In light of the fact that the Plaintiff has acknowledged that he erroneously named J. Dugan as a Defendant, the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss J. Dugan (Doc. 60) be **GRANTED, and J. Dugan be dismissed as a Defendant in this matter.** Any party may, within fourteen (14) days of receipt of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation objected to, and the basis for those objections. A copy of the objections should also be submitted to the District Judge of record. Failure to timely object to the recommendation will result in a waiver of the right to appeal. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to send a copy of this report and recommendation, via certified mail return receipt requested, to the *pro se* Plaintiff at his last known address as reflected on the docket sheet, and to any counsel of record via electronic means.

ENTER: March 6, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE