IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL ALLEN VAUGHAN

      Plaintiff,

v.                                  Civil Action No. 5:12CV123
                                            (STAMP)
JOHN SHEELEY, Administrator,
Eastern Regional Jail,
F. BRAGGS, Correctional Officer,
Eastern Regional Jail and
J. DUGAN, Correctional Officer,
Eastern Regional Jail,

      Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING DEFENDANTS' MOTION TO DISMISS,
AND DISMISSING J. DUGAN AS A PARTY DEFENDANT**

I.  Background

On August 13, 2012, the pro se[1] plaintiff, an inmate at the Eastern Regional Jail ("ERJ"), initiated this action in this Court by filing a civil rights complaint under 42 U.S.C. § 1983. The plaintiff's complaint alleges that the defendants violated his civil rights relating to an alleged incident which occurred at the Eastern Regional Jail on May 25, 2012. On this date, the plaintiff claims that he was thrown down stairs, beaten while in handcuffs, maced, and called offensive names by officers. He also asserts

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

that, following this incident, he was segregated for eighteen days without being charged with any rule violations.

Initially, the defendants, John Sheeley ("Sheeley"), F. Braggs ("Braggs"), and J. Dugan ("Dugan"), filed a motion to dismiss in lieu of an answer. United States Magistrate Judge John S. Kaull issued a report and recommendation, recommending that this Court deny the defendants' motion to dismiss and order the defendants to answer the plaintiff's complaint. This Court then adopted and affirmed the report and recommendation in its entirety.

Thereafter, the defendants filed their answer. The plaintiff then filed a rebuttal in which he admitted that he had incorrectly sued Dugan because he discovered that another officer had sprayed him with OC spray ("mace"). In response, the defendants sent the plaintiff an agreed order of dismissal as to Dugan. The plaintiff refused to sign the dismissal and instead filed a response admitting he incorrectly sued Dugan but noting that he was refusing to sign the dismissal so that he could file an amended complaint.

The defendants thereafter filed a motion to dismiss arguing that because the plaintiff had admitted Dugan was incorrectly sued, Dugan, and only Dugan, should be dismissed from this case. Following the issuance of a Roseboro[2] notice, the plaintiff filed a response to the motion to dismiss and, on the same day, filed a

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

2

motion to amend/correct complaint in which he requested that he be allowed to file an amended complaint substituting as a defendant Corporal M. Voorhaar for Dugan pursuant to Federal Rule of Civil Procedure 15. The defendants filed a reply to the motion to dismiss and a response to the plaintiff's motion to amend/correct complaint.

The magistrate judge issued a report and recommendation, recommending that this Court grant the defendants' motion to dismiss and dismiss Dugan as a defendant in this action. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within fourteen days after being served with copies of the report. No objections have been received, but the defendants have since filed a response to another motion, plaintiff's motion for discovery, and the plaintiff has replied.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Discussion

The magistrate judge found that because the plaintiff has acknowledged that he erroneously named Dugan as a defendant, the motion to dismiss should be granted. Finding no clear error in the magistrate judge's reasoning and there being no objections to the magistrate judge's report and recommendation, this Court finds that the defendants' motion to dismiss should be granted. As such, Dugan should be dismissed as a party defendant and this action will proceed as to the other named defendants, Sheeley and Braggs.

### IV. Conclusion

Based on the analysis above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, the defendants' motion to dismiss is GRANTED. As such, J. Dugan is DISMISSED as a defendant in this matter and this action will proceed as to the other named defendants, John Sheeley and F. Braggs.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: April 2, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE